**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                                                  (State)

Case number (*If known*): _____ Chapter 7

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Consolidated Glass Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 45 – 3523265 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| One Gateway Boulevard | 13 W Mill Street |
| Number          Street | Number          Street |
| | P.O. Box 427 |
| | P.O. Box |
| Pedricktown          NJ          08067 | Pedricktown          NJ          08067 |
| City                    State          ZIP Code | City                    State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Salem | |
| County | Number          Street |
| *Former address. Facility turned over to the landlord prepetition. | |
| | City                    State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://cghinc.com/ |

Debtor  __Consolidated Glass Holdings, Inc._____  Case number *(if known)*_____
        Name

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3   2   7   2

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check **all** that apply*:

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

---

Debtor  Consolidated Glass Holdings, Inc.                              Case number *(if known)*_____
         _____
         Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                             MM / DD / YYYY

        District _____  When _____  Case number _____
                                             MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See Annex 1. _____  Relationship _____

        District _____  When _____
                                                                MM  /  DD   / YYYY

        Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                         Number        Street

_____

_____  _____
City                                     State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name     _____

      Phone            _____

---

███  **Statistical and administrative information**

---

Debtor    Consolidated Glass Holdings, Inc.
          _____          Case number (if known)_____
          Name

13. **Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☑ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

15. **Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

16. **Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/14/2021
             MM  / DD / YYYY

✘ _____          Neil Minihane
   Signature of authorized representative of debtor          _____
                                                             Printed name

Title  Chief Restructuring Officer
       _____

Debtor    <u>Consolidated Glass Holdings, Inc.</u>
     Name          Case number *(if known)* _____

---

**18. Signature of attorney**    ✖ _____    Date    07/14/2021

          Signature of attorney for debtor         MM / DD / YYYY

Derek C. Abbott
_____
Printed name

Morris, Nichols, Arsht & Tunnell LLP
_____
Firm name

1201 N. Market Street, 16th Floor
_____
Number      Street

Wilmington             DE      19801-1347
_____
City                 State      ZIP Code

(302) 658-9200           dabbott@morrisnichols.com
_____
Contact phone           Email address

3376                  Delaware
_____
Bar number           State

---

## ANNEX 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On July 14, 2021, each of the affiliated entities listed below (including the debtor in this chapter 7 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Columbia Commercial Building Products Acquisition LLC | 37-1651463 |
| Consolidated Glass Holdings, Inc. | 45-3523265 |
| J.E. Berkowitz L.P. | 52-1550715 |
| Shaw Glass Holdings, LLC | 61-1693670 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| Consolidated Glass Holdings, Inc., | Case No. 21-_____ (___) |
| Debtor.[1] | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor hereby states as follows:

1.      CGH CAM Holdings LLC owns 100% of Consolidated Glass Holdings, Inc.

---

[1]      The Debtor in this case, along with the last four digits of Debtor's federal EIN, is Consolidated Glass Holdings, LLC (3265).

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CONSOLIDATED GLASS HOLDINGS, INC.

---

July 14, 2021

---

The undersigned, being all the directors of the board (the "Board") of Consolidated Glass Holdings, Inc., a Delaware corporation (the "Company"), consent to and adopt the following:

WHEREAS, the Board has reviewed and considered, among other things, the financial condition of the Company on the date hereof;

WHEREAS, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and have considered, the strategic alternatives available to the Company; and

WHEREAS, the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company and its equity, the creditors of the Company, and other interested parties that a voluntary petition be filed by the Company under the provisions of Chapter 7 of the Bankruptcy Code; and it is

FURTHER RESOLVED, that Neil Minihane, as the Chief Restructuring Officer of the Company (the "Officer"), is hereby authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the United States Bankruptcy Court for the District of Delaware, in the name and on behalf of the Company, all petitions, schedules, statements, and other documents (collectively, the "Chapter 7 Filings") (with such changes therein and additions thereto as the Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 7 Filings by the Officer with any changes thereto to be conclusive evidence that the Officer deemed such changes to meet such standard); and it is

FURTHER RESOLVED, that the Officer is hereby authorized, empowered and directed, for and on behalf of the Company and in its name, to prepare, execute and deliver such other documents and take such other actions as he deems necessary, appropriate or advisable to carry out the intent and purpose of the foregoing resolutions, including by executing resolutions on behalf of any subsidiary of the Company he deems necessary, appropriate and advisable to carry out the intent and purpose of the foregoing resolutions, in each case, as conclusively evidenced by the execution of such documents or the taking of such actions; and it is

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified.

**IN WITNESS WHEREOF**, the undersigned directors have executed this unanimous written consent on the dates set forth below.

_____

By: Robert Cummings                         By: Shawn Hassel
Date:   July 14, 2021                        Date:   July __, 2021

2

**IN WITNESS WHEREOF**, the undersigned directors of CGH have executed this unanimous written consent on the dates set forth below.

_____

By: Robert Cummings

Date:   July \_\_, 2021

_____

By: Shawn Hassel

Date:   July 14, 2021

2

**Fill in this information to identify the case and this filing:**

Debtor Name  Consolidated Glass Holdings, Inc.

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule ____*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/14/2021    ✗ _____
MM / DD / YYYY            Signature of individual signing on behalf of debtor

Neil Minihane
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**