**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| CONSOLIDATED GLASS HOLDINGS, INC., | Case No. 21-11026 (___) |
| Debtor. | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statement," and collectively with the Schedules, the "Schedules and Statement") filed by the above-captioned debtor (the "Debtor"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), have been prepared by the Debtor's management in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007, and are unaudited.

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statement and CRO collaboration. The Global Notes should be referred to, considered and reviewed in connection with any review of the Schedules and Statement.[1]

The Schedules and Statement do not purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statement, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause material changes to the Schedules and Statement.

---

[1] These Global Notes are in addition to any specific notes contained in the Debtor's Schedules and Statement. The fact that the Debtor has prepared a "general note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Although reasonable efforts have been made to prepare and file complete accurate Schedules and Statement, inadvertent errors or omissions may exist.

The Debtor's management prepared the Schedules and Statement with the assistance of its advisors and other professionals.  Neil Minihane has signed the Schedules and Statement.  Mr. Minihane is Chief Restructuring Officer of Consolidated Glass Holdings, Inc., and an authorized signatory for, the Debtor.  Mr. Minihane has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

**The Schedules, Statement and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events or performance of the Debtor.  Due to numerous unliquidated, contingent and/or disputed claims, summary statistics in the Schedules, Statement and Global Notes are likely not an accurate representation of the Debtor's liabilities on a GAAP basis.**

The Debtor and its employees, agents, attorneys, and other professionals do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtor and its employees, agents, attorneys, and other professionals expressly do not undertake any obligation to notify any third party should the information be or need to be updated, modified, revised or recategorized.  In no event shall the Debtor or its agents, attorneys, or other professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, and other professionals are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1.    <u>Reservation of Rights</u>.  Any failure to designate a claim in the Schedules and Statement as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not "disputed," "contingent" or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtor.  Any specific reservation and preservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation and preservation of rights contained in this paragraph.

2.    <u>Description of the Case and "as of" Information Date</u>.  On July 9, 2021, (the "<u>Petition Date</u>"), the Debtor filed a petition with the Bankruptcy Court under chapter 7 of the Bankruptcy Code.  Unless otherwise stated, asset and liability information is as of the Petition Date.

2

3.     <u>Basis of Presentation</u>.  The Schedules and Statement do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements previously distributed to certain third parties.  Accordingly, the totals listed in the Schedules and Statement will likely differ, at times materially, from the financial reports prepared by the Debtor for financial reporting purposes or otherwise.

4.     <u>Excluded Assets and Liabilities</u>.   The Debtor has excluded certain categories of assets and liabilities from the Schedules and Statement.  In addition, certain immaterial assets and liabilities may have been excluded.

5.     <u>Insiders</u>.  For purposes of the Schedules and Statement, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of directors, officers, or persons in control of the Debtor; and (e) affiliates.  Persons listed as "insiders" have been included for informational purposes only, and including them in the Schedules and Statement shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws and section 101(31) of the Bankruptcy Code, or with respect to any theories of liability or for any other purpose.

6.     <u>Material Executory Contracts and Unexpired Leases</u>.  Nothing contained in or omitted from the Schedules and Statement is or shall be construed as an admission as to the determination of the legal status of any contract or lease, including whether any lease is a true lease or a financing arrangement, whether such contract or lease is an executory contract or unexpired lease, or whether such contract or lease is binding, valid and enforceable.

While every effort has been made to ensure the completeness and accuracy of the listing of material executory contracts, inadvertent errors or omissions may have occurred.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  The absence of a contract or agreement on Schedule G does not constitute an admission that any other contract or agreement to which a Debtor is a party is not executory.

7.     <u>Classifications</u>.  Listing a claim on (a) Schedule D as "secured," (b) Schedules E/F, Part 1 as "priority," (c) Schedules E/F, Part 2 as "unsecured," or Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant.

8. <u>Claims Description</u>.  Schedules D and E/F permit the Debtor to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given schedule as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" and/or "unliquidated," or that such claim is not subject to objection.  Moreover, listing a claim does not constitute admission of liability by the Debtor.

9. <u>Secured Claims</u>.  Secured claim amounts have been listed on Schedule D without regard to the value of assets secured thereby.  No attempt was made by the Debtor to estimate the fair market value of assets pledged pursuant to any secured obligation as of the Petition Date.  Accordingly, deficiency claims of secured creditors were not listed on Schedule F and such omission is not an admission by the Debtor as to the sufficiency of collateral related to any secured claim listed on Schedule D.  In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors or non-Debtors, and no claim set forth on Schedule D of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.

10. <u>Causes of Action</u>. Despite its reasonable efforts to identify all known assets, the Debtor may not have identified and/or listed as assets in the Schedules and Statement all of its causes of action or potential causes of action against third parties (and in particular have not identified or listed causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers).

11. <u>Summary of Significant Reporting Policies</u>.  The following conventions were adopted by the Debtor in the preparation of the Schedules and Statement:

    (a)    <u>Book Value</u>.  Unless otherwise noted, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtor's accounting and/or tax books and records as of the Petition Date, and is not based upon any estimate of their current market values.

    (b)    <u>Cash</u>.  Any cash balances in the Debtor's bank accounts set forth in Schedule B are based on the book balance as of the Petition Date.

    (c)    <u>Liens and Encumbrances on Assets</u>.  As of the Petition Date, except as reflected on Schedule D (secured claims), the Debtor was not aware of any material liens or encumbrances filed against assets directly owned by the Debtor.

    (d)    <u>Undetermined Amounts</u>.  The description of any amounts as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

12.    <u>Notes to Specific Schedules</u>.  The following are items the Debtor notes as it pertains to specific questions or parts in the Schedules:

(a)    <u>Schedules A/B: Questions 6, 7 and 8</u>.  The Debtor has excluded retainers provided to professionals.

(b)    <u>Schedule A/B: Questions 74 & 75</u>.  The Debtor may have accrued, or may subsequently accrue, certain rights to counter-claims, setoffs, refunds or other claims.  Because such claims are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75.  The Debtor's failure to list any contingent and/or unliquidated claim held by the Debtor in response to these questions is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver, release, relinquishment, or forfeiture of such cause of action, claim, or right.

(c)    <u>Schedules E/F: Part 2</u>.  Schedule E/F does not include any intercompany liabilities owed to any debtor or non-debtor affiliates.

13.    <u>Notes to the Statement</u>.  The following are items the Debtor notes as it pertains to specific questions or parts in the Statement:

(a)    <u>Part 2: Question 3</u>.  Due to the substantial number of payments and burden to the Debtor to list such payments, the Debtor has omitted compensation paid to its individual employees in the ordinary course of business during the 90 days prior to the Petition Date.

The "reason for payment" identified is based on the Debtor's internal category assignment for the charge.

(b)    <u>Part 3: Question 7</u>.  The Debtor has listed legal actions and proceedings that were commenced prepetition, but has omitted threatened litigation that was not commenced.

(c)    <u>Part 13: Question 26d</u>.  The Debtor has listed all parties to whom the Debtor issued a financial statement within two years before the Petition Date except for those issued a financial statement in connection with a sale of substantially all, or a material portion, of the Debtor's assets that the Debtor is not permitted to disclose under a non-disclosure agreement.

14.    <u>Global Notes Control</u>.  In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

**Fill in this information to identify the case:**

Debtor name   Consolidated Glass Holdings, Inc _____

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

### Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B*........................................................

       $ 0.00

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B*.....................................................

       $ 280,128.50

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B*.......................................................

       $ 280,128.50

---

### Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................................

   $ 85,145,780.95

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 line 5a of *Schedule E/F* ..........................................

       $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ........................................

       + $ 5,852,356.76 + certain unliquidated amounts

4. **Total liabilities**.................................................................................................................
   Lines 2 + 3a + 3b

   $ 90,998,137.71 + certain unliquidated amounts

---

**Fill in this information to identify the case:**

Debtor name __Consolidated Glass Holdings, Inc__

United States Bankruptcy Court for the:_____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. See Schedule A/B Part 1 Attachment | | | $_____ |
| 3.2. | | | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____ $_____
   4.2. _____ $_____

5. **Total of Part 1** — $ **$25,000.00**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | |
|---|---|
| 7.1. Ryder System, Inc. - Vehicle Deposit | $ 47,098.00 |
| 7.2. Ryder System, Inc. - Security Deposit | $ 75,000.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. See Schedule A/B Part 2 Attachment _____ $ 133,030.50

8.2._____ $ _____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. $ 255,128.50

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|
| 11. **Accounts receivable** | | | | |
| 11a. 90 days old or less: | face amount | – doubtful or uncollectible accounts | = ....➔ | $ _____ |
| 11b. Over 90 days old: | face amount | – doubtful or uncollectible accounts | = ....➔ | $ _____ |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ _____

## Part 4:    Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. _____ | _____ | $ _____ |
| 14.2. _____ | _____ | $ _____ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: | % of ownership: | |
| 15.1. _____ | _____% | $ _____ |
| 15.2. _____ | _____% | $ _____ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. _____ | _____ | $ _____ |
| 16.2. _____ | _____ | $ _____ |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. $ _____

| Debtor | Consolidated Glass Holdings, Inc | Case number (if known) |
|---|---|---|
| | Name | |

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | _____ / _____ / _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | _____ / _____ / _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | _____ / _____ / _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | _____ / _____ / _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

Debtor   Consolidated Glass Holdings, Inc
         _____
         Name

Case number (if known)_____

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| 42. **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Consolidated Glass Holdings, Inc
_____    Case number (if known)_____
Name

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49.  Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | Consolidated Glass Holdings, Inc | Case number (if known) | |
|---|---|---|---|
| | Name | | |

## Part 9:    Real property

**54.  Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

**56.  Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| **61.  Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| **62.  Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| **63.  Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| **64.  Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| **65.  Goodwill**<br>_____ | $_____ | _____ | $_____ |

**66.  Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor   Consolidated Glass Holdings, Inc
         _____          Case number *(if known)*_____
         Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:   All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____     _____     _____  = ➜   $_____
                                      Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | | |
|---|---|---|
| _____ | Tax year _____ | $_____ |
| _____ | Tax year _____ | $_____ |
| _____ | Tax year _____ | $_____ |

73. **Interests in insurance policies or annuities**

_____                            $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____                            $_____

Nature of claim        _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____                            $_____

Nature of claim        _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____                            $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____                            $_____

_____                            $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                   $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Consolidated Glass Holdings, Inc
_____
Name

Case number *(if known)*_____

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 25,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 255,128.50 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ................................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 280,128.50 | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. .......................................................................... $ 280,128.50

---

**Consolidated Glass Holdings, Inc.**

**Schedule A/B Question 2 Attachment**

| # | Name of institution | Type of account | Last 4 digits of account number | Current value of the debtor's interest |
|---|---|---|---|---|
| 3.1 | Citizen Bank N.A. | Disbursement | 6149 | $0.00 Commingled Funds |
| 3.2 | Citizen Bank N.A. | Operating | 6157 | $25,000 Commingled Funds |
| 3.3 | Citizen Bank N.A. | PPP Monies Segregation | 7534 | $0.00 Commingled Funds |

**Consolidated Glass Holdings, Inc.**

**Schedule A/B Question 8 Attachment**

| # | Description/Name of Holder | Current Value of Debtor's Interest |
|---|---|---|
| 2.1 | Arete Capital Partners<br>Expense Retainer | $10,000.00 |
| 2.2 | Arete Capital Partners<br>Deposit held in escrow for self-insured retention of D&O policy | $25,000.00 |
| 2.3 | Downes McMahon<br>Legal Retainer | $1,212.50 |
| 2.4 | Fisher & Phillips LLP<br>Legal Retainer | $12,617.00 |
| 2.5 | Koenig, Oelsner, Taylor, Schoenfeld & Gaddis PC<br>Legal Retainer | $5,652.50 |
| 2.6 | McCabe, Weisberg & Conway, LLC<br>Legal Retainer | $1,750.00 |
| 2.7 | Morris, Nichols, Arsht & Tunnell LLP<br>Legal Retainer | $29,704.00 |
| 2.8 | Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.<br>Legal Retainer | $3,378.50 |
| 2.9 | Stinson LLP<br>Legal Retainer | $5,716.00 |
| 2.10 | Turn Works LLC (CRO)<br>Retainer | $38,000.00 |

**Fill in this information to identify the case:**

Debtor name __Consolidated Glass Holdings, Inc__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                          (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value<br>of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|

**2.1** Creditor's name
SJC DLF III-F, LLC, as Agent

Describe debtor's property that is subject to a lien

~~All debtor's assets~~

$ 70,232,742.15    $ Unknown

Creditor's mailing address
~~1700 East Putnam Avenue, Suite 207, Old~~
~~Greenwich, CT 06870~~

Describe the lien
First Priority Secured Interest Term Loan

**Is the creditor an insider or related party?**
☐ No
☑ Yes

Creditor's email address, if known
sczech@czechamlp.com

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Date debt was incurred __11/2016__

Last 4 digits of account
number     ___ ___ ___ ___

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

_____

**2.2** Creditor's name
SJC DLF III-F, LLC, as Agent

Describe debtor's property that is subject to a lien

All debtor's assets

$ 14,913,038.80    $ Unknown

Creditor's mailing address
__1700 East Putnam Avenue, Suite__
__207, Old Greenwich, CT 06870__

Describe the lien
First Priority Secured Revolver

**Is the creditor an insider or related party?**
☐ No
☑ Yes

Creditor's email address, if known
sczech@czechamlp.com

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Date debt was incurred __06/2015__

Last 4 digits of account
number     ___ ___ ___ ___

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   _____

   ☐ Yes. The relative priority of creditors is specified on lines ___

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ 85,145,780.95

| Debtor | Consolidated Glass Holdings, Inc | Case number (if known) |
|--------|----------------------------------|------------------------|
|        | Name                             |                        |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|------------------------------------------------------------|------------------------------------------------|
| Schulte Roth & Zabel<br>Attn: Abbey Walsh, Adam Harris<br>919 Third Avenue<br>New York, NY 10022 | Line 2. __1-2 | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |
|  | Line 2. __ | __ __ __ __ |

**Fill in this information to identify the case:**

Debtor  Consolidated Glass Holdings, Inc

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                (State)

Case number
(If known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** | Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:** $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** | Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:** $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** | Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:** $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

Debtor    Consolidated Glass Holdings, Inc
_____    _____
Name                                                Case number (if known)

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

See Schedule E/F Part 2 Attachment
_____
_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☑ Yes

**Last 4 digits of account number** __ __ __ __

---

**3.2** | **Nonpriority creditor's name and mailing address**
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number** __ __ __ __

---

**3.3** | **Nonpriority creditor's name and mailing address**
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☑ Yes

**Last 4 digits of account number** __ __ __ __

---

**3.4** | **Nonpriority creditor's name and mailing address**
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number** __ __ __ __

---

**3.5** | **Nonpriority creditor's name and mailing address**
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☑ Yes

**Last 4 digits of account number** __ __ __ __

---

**3.6** | **Nonpriority creditor's name and mailing address**
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number** __ __ __ __

---

Debtor    Consolidated Glass Holdings, Inc    Case number (if known) _____
_____
Name

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.   List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Cellai Law Offices, P.C.<br>Attn: Carlo Cellai<br>150 Grossman Drive, Suite 201<br>Braintree, MA 02184 | Line 3.3 & 3.26<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.2. | High Swartz, LLP<br>Attn: Donald Petrille, Robert E. Gordon<br>116 E. Court Street<br>Doylestown, PA 18901 | Line 3.13<br>☐ Not listed. Explain _____ | |
| 4.3. | Jennings Sigmond, PC<br>Attn: Maureen W. Marra<br>1835 Market Street, Suite 2800<br>Philadelphia, PA 19103 | Line 3.17-3.18<br>☐ Not listed. Explain _____ | |
| 4.4. | Narducci, Moore, Fleisher, Roeberg & Wolfe, LLP<br>Attn: Patrick J. Wolfe, Jr.<br>589 Skippack Pike, Suite 300<br>Blue Bell, PA 19422 | Line 3.6<br>☐ Not listed. Explain _____ | |
| 41. | Swartz Swidler, LLC<br>Attn: Manali Arora<br>1101 Kings Highway North, Ste. 402<br>Cherry Hill, NJ 08034 | Line 3.2 & 3.14<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |

Debtor ___Consolidated Glass Holdings, Inc___
          Name

Case number (*if known*)_____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ | 0.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ | 5,852,356.76 + certain unliquidated amounts |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 5,852,356.76 + certain unliquidated amounts |

**Consolidated Glass Holdings, Inc.**

**Schedule E/F Part 2 Attachment**

| # | Creditor's Name and Mailing Address | Date or dates debt was incurred | Last 4 Digits of Acount Number | Contingent | Unliquidated | Disputed | Subject to Offset | Basis for the Claim | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|
| 3.1 | AccordWare, LLC<br>2250 Butterfield Drive, Suite 230<br>Troy, MI 48084 | 03/26/2021 | | | | | | Vendor | $2,933.88 |
| 3.2 | Barry Blumenfeld<br>3629A Adelaide Drive<br>Mount Laurel, NJ 08054 | 3/29/2021 | | x | x | x | | Litigation | Unliquidated |
| 3.3 | C.L. Noonan Container Service<br>P.O. Box 400<br>West Bridgewater, MA 02379 | 4/7/2021 | | x | x | x | | Litigation | $36,991.40 |
| 3.4 | Chlic- Chicago<br>5476 Collections Center Drive<br>Chicago, IL 60693 | Various | | x | | | | Vendor | $12,885.59 |
| 3.5 | Cigna<br>Attn: Candace Gaines<br>P.O. Box 644546<br>Pittsburg, PA 15264 | Various | | | | | | Vendor | $6,184.00 |
| 3.6 | Cintas Corporation<br>95 Milton Drive, Ashton, PA 19314 | Various | | x | x | x | | Litigation | $37,463.25 |
| 3.7 | Commonwealth of MA<br>Attn: Secretary of the Commonwealth<br>Corporate Division<br>1 Ashburton Place, Room 1717<br>Boston, MA 02108 | Various | | | | | | Vendor | $875.00 |
| 3.8 | Creative Print Crew<br>1119 Rochester Road<br>Troy, MI 48083 | 1/25/2021 | | | | | | Vendor | $91.90 |
| 3.9 | Czech Asset Management LP<br>1700 E. Putnam Ave., Unit 207<br>Old Greenwich, CT 06870 | Various | | | | | | Vendor | $129,929.52 |
| 3.10 | David Jones<br>36 Magnolia Lane<br>Cedar Grove, NJ 07009 | 1/16/2019 | | | | | | Vendor | $181.26 |
| 3.11 | Document Concepts Inc.<br>1040 Mantua Pike<br>Wenonah, NJ  08090 | 1/21/2021 | | | | | | Vendor | $401.88 |
| 3.12 | Everest National Insurance<br>P.O. Box 499<br>Newark, NJ 07101-0499 | 1/9/2021 | | x | | | | Vendor | $113,037.77 |

| # | Creditor's Name and Mailing Address | Date or dates debt was incurred | Last 4 Digits of Acount Number | Contingent | Unliquidated | Disputed | Subject to Offset | Basis for the Claim | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|
| 3.13 | Garmar Industries Inc 1625 U.S. Highway 322 P.O. Box 460 Swedesboro, NJ 08085 | 3/22/2021 | | x | x | x | | Litigation | $240,492.82 |
| 3.14 | Glen Wojnar 2176 Quail Street Vineland, NJ 08361 | 3/29/2021 | | x | x | x | | Litigation | Unliquidated |
| 3.15 | Grey Mountain Partners, LLC 1470 Walnut St., Suite 400 Boulder, CO 80302 | Various | | | | | | Vendor | $4,957,405.53 |
| 3.16 | Inflection Risk Solutions LLC d/b/a GoodHire 555 Twin Dolphin Drive, Suite 630 Redwood City, CA  94065 | 1/31/2021 | | | | | | Vendor | $65.80 |
| 3.17 | International Painters & Allied Trades Industry Pension Fund Attn: Tim D. Maitland 7234 Parkway Drive Hanover, MD 21076 | 4/12/2021 | | x | x | x | | Litigation | $131,796.19 |
| 3.18 | International Union of Painters & Allied Trades District Council 21 Welfare Fund Attn: Joseph Ashdale 2980 Southampton-Byberry Road Philadelphia, PA 19154 | 4/12/2021 | | x | x | x | | Litigation | $131,796.19 |
| 3.19 | Jeremy Davis 320 Park Street South St. Petersburg, FL 33707 | 7/26/2019 | | | | | | Vendor | $65.86 |
| 3.20 | MarketScale 901 Main Street, Ste 5300 Dallas, TX 752023700 | 1/20/2021 | | | | | | Vendor | $2,983.33 |
| 3.21 | Marsh & McLennan Agency 755 W. Big Beaver Rd, Suite 2300 Troy, MI 48084 | Various | | | | | | Vendor | $15,885.25 |
| 3.22 | Miller Auto Leasing Company 1824 Route 38 Lumberton, NJ 08048 | Various | | | | | | Vendor | $580.86 |
| 3.23 | Mitsui Sumitomo Insurance Company 15149 Collections Center Drive Chicago, IL 60693 | 2/1/2021 | | x | | | | Vendor | $52,357.13 |
| 3.24 | New York State Department of Revenue Corp-V P.O. Box 15163 Albany, NY 12212-5163 | 9/15/2016 | | | | | | Vendor | $293.00 |
| 3.25 | Nissan Motor Acceptance Corporation P.O. Box 740596 Cincinnati, OH 45274-0596 | Various | | | | | | Vendor | $3,140.12 |

| # | Creditor's Name and Mailing Address | Date or dates debt was incurred | Last 4 Digits of Acount Number | Contingent | Unliquidated | Disputed | Subject to Offset | Basis for the Claim | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|
| 3.26 | Noonan Brothers Petroleum Products, Inc.<br>415 West Street<br>P.O. Box 400<br>West Bridgewater, MA 02379 | 4/7/2021 | | x | x | x | | Litigation | $14,321.89 |
| 3.27 | State Corporation Commission<br>Attn: Clerk's Office<br>P.O. Box 7607<br>Merrifield, VA 22116-7607 | 1/19/2021 | | | | | | Vendor | $50.00 |
| 3.28 | Superior Vision<br>C/o Superior Vision Services, Inc.<br>P.O. Box 201839<br>Dallas, TX 75320 | 3/1/2021 | | | | | | Vendor | $72.62 |

**Fill in this information to identify the case:**

Debtor name  Consolidated Glass Holdings, Inc

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (If known): _____  Chapter _____

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name    Consolidated Glass Holdings, Inc

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In** Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 See Schedule H Attachment | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | Street<br><br>City          State          ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |

| | Consolidated Glass Holdings, Inc. | | | | | |
|---|---|---|---|---|---|---|
| | Schedule H Attachment | | | | | |
| # | Codebtor Name | Mailing Address | Creditor Name | Schedule D | Schedule E/F | Schedule G |
| 2.1 | Columbia Commercial Building Products Acquisition LLC | 1200 E. Washington Street Rockwall, TX 75087 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.2 | Consolidated Glass Holdings, Inc. | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.3 | Dlubak Specialty Glass Corporation | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.4 | G.A.A.G., LLC | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P | X | | |
| 2.5 | GSGRP, LLC | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.6 | Hawkins Architectural Products, LLC | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.7 | Insulpane of Connecticut, Inc. | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.8 | J.E. Berkowitz, L.P. | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.9 | NASG Holdings Inc | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.10 | Shaw Glass Holdings, LLC d/b/a Solar Seal Massachusetts | 55 Bristol Drive South Easton, MA 02375 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |
| 2.11 | SSI Consolidated Holdings, Inc. | 1 Gateway Blvd. Pedricktown, NJ 08067 | SJC Offshore Master Fund III, L.P. SJC Onshore Direct Lending Fund III, L.P. | X | | |

**Fill in this information to identify the case and this filing:**

Debtor Name __Consolidated Glass Holdings, Inc__

United States Bankruptcy Court for the: _____    District of __Delaware__
                                                                              (State)

Case number (*If known*): __21-11026__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/14/2021__            ✗ _~~Neil J. Minihane~~_____
                MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                        __Neil Minihane_____
                                        Printed name

                                        __Chief Restructuring Officer_____
                                        Position or relationship to debtor